IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDEEP S.,<br><br>Petitioner,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 1:26-cv-08519-MWJS<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 245-028-130 |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Sandeep S.[1] is an immigration detainee proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

He entered the country without inspection in June 2023. *See Sandeep S. v. Andrews*, No. 1:26-cv-04352-MWJS, 2026 WL 1752063, at *1 (E.D. Cal. June 17, 2026). Immigration authorities commenced removal proceedings against him pursuant to 8 U.S.C. § 1229a, then released him under an order of recognizance. *Id.* Immigration and Customs Enforcement re-detained Petitioner on June 4, 2026, *id.*, and he remains in detention while his removal proceedings are ongoing.

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

The present habeas petition is Petitioner's third. His first, filed with the assistance of counsel, argued that he was entitled to a bond hearing. *Id.* The court granted the petition in part, and Petitioner received a bond hearing, during which he was also represented by counsel. *See* Status Report, *Sandeep S.*, No. 1:26-cv-04352-MWJS (E.D. Cal. July 6, 2026), Dkt. No. 11-1; Dkt. Nos. 13, 15.[2] On July 2, 2026, an immigration judge denied Petitioner's request for a change in custody status after finding that Petitioner is a flight risk and danger to the community. Status Report, *Sandeep S.*, No. 1:26-cv-04352-MWJS (E.D. Cal. July 6, 2026), Dkt. No. 11-1; Dkt. No. 10-3, at pgs. 3–5. Petitioner appealed to the Board of Immigration Appeals, *see* Dkt. No. 10-3, at pg. 1, and that appeal remains pending.

Petitioner then filed a second habeas petition, this time without the assistance of counsel, challenging the duration of his ongoing detention. *See Sandeep S. v. Andrews*, No. 1:26-cv-06020-MWJS, 2026 WL 2254366, at *1 (E.D. Cal. Aug. 4, 2026). The court denied that petition without prejudice. *Id.* at *2.

On October 12, 2026, Petitioner, again proceeding pro se, signed the petition now before the court. *See* Dkt. No. 1, at pg. 43. In it, Petitioner argues that he is being detained in violation of the Constitution (Counts One, Three, Four, and Five), unspecified statutes (Count Two), and the Administrative Procedure Act (Count Five).

---

[2] Respondent's motion for extension of time, Dkt. No. 14, and motion to accept late filed exhibit, Dkt. No. 15, are GRANTED.

*Id.* at pgs. 34–42. Petitioner seeks either his immediate release or another bond hearing. *Id.* at pgs. 42 –43. Respondent filed a response opposing the petition, *see* Dkt. No. 10, and Petitioner did not file a reply.

To the extent Petitioner again seeks to challenge the legality of his detention based on its duration, *see* Dkt. No. 1, at pg. 35 (describing Petitioner's detention as "indefinite"), the court has already concluded that he is currently detained under 8 U.S.C. § 1226(a). The Ninth Circuit has held that the government's detention authority under that subsection is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (cleaned up).

Although the government's detention authority under 8 U.S.C. § 1226(a) might yield to constitutional considerations when a noncitizen is "stuck in a removable-but-unremovable limbo," the lack of a certain end date, without more, does not render a noncitizen's detention indefinite. *Prieto-Romero*, 534 F.3d at 1063. A noncitizen detained under 8 U.S.C. § 1226(a) "remains *capable* of being removed—even if it has not yet finally been determined that he *should* be removed—and so the government retains an interest in assuring his presence at removal." *Id.* at 1965 (cleaned up). Thus, the fact that a period of detention under 8 U.S.C. § 1226(a) extends even far beyond six months does not necessarily mean that it is indefinite. *Id.* at 1068 (concluding that non-citizen's three-plus years of detention under 8 U.S.C. § 1226(a) was lawful). Petitioner does not

explain why nor does anything in the current record suggest that Petitioner's current detention, now spanning a little more than five months, is not reasonably necessary to bring about his removal.

To the extent Petitioner also contends that he "has not been afforded a constitutional adequate bond hearing wherein the government must establish by . . . *clear and convincing* evidence that [he] presents a risk of flight or danger to the community," Dkt. No. 1, at pg. 3, that is exactly the type of hearing previously ordered by the court, *see Sandeep S.*, 2026 WL 1752063, at *1 ("Respondents are therefore ENJOINED AND RESTRAINED from continuing to detain [P]etitioner unless they demonstrate . . . by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.").

In accordance with the court's order, Petitioner received a hearing during which an immigration judge properly placed the burden of proof on the government. *See Sandeep S.*, 2026 WL 2254366, at *1; *see also* Dkt. No. 15-1 ("The minute order places the burden on the Government."); Dkt. 10-3, at pg. 3 ("The Court finds that the Department has met their burden to demonstrate that [Petitioner], if released, poses a danger to the community. In the alternative, the Court finds that the Department has met their burden to demonstrate that [Petitioner], if released, poses such a significant risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate [that

risk].”). And, during that hearing, Petitioner’s counsel specifically noted that the government had to prove by clear and convincing evidence that detention was warranted. *See* Dkt. No. 15-1, at pg. 8. Nothing in the current record suggests that the immigration judge applied the wrong legal standard.

Although Petitioner disagrees with the immigration judge’s weighing of evidence in concluding that the government carried its burden, *see* Dkt. No. 1, at pgs. 9–14, that disagreement is not enough to grant relief. *See Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-cv-03354-MWJS, 2026 WL 3217996, at *4 (E.D. Cal. Oct. 27, 2026) (“Although Petitioner understandably disagrees with the immigration judge’s weighing of the numerous factors considered, the court cannot reweigh evidence while reviewing for an abuse of discretion.” (citation omitted)); *De Oliveira v. Warden*, No. 1:26-cv-04876-DJC-CKD P, 2026 WL 2924657, at *2 (E.D. Cal. Sept. 29, 2026) (“Petitioner’s disagreement is with how the IJ weighed the evidence, but this court may not second guess the IJ’s weighing of the evidence.”).

The court therefore DISMISSES the petition without prejudice. *See, e.g.*, *Marco A.A.T.*, No. 1:26-cv-07936-MWJS, 2026 WL 3134683, at *2 (E.D. Cal. Oct. 20, 2026); *Garcia v. Warden of the Cal. City Corr. Ctr.*, No. 2:26-cv-00511-JLT-CDB (HC), 2026 WL 3168215, at *7–8 (E.D. Cal. Oct. 21, 2026). This dismissal does not foreclose Petitioner from filing another petition if, at some point, he is able to show that his detention has extended beyond the period reasonably necessary to effectuate his removal, or if he can show that

his rights were somehow violated during his bond hearing. Nor does this dismissal preclude Petitioner from requesting another bond hearing before an immigration judge, if his circumstances materially change. *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Given the foregoing, Petitioner's motion for appointment of counsel, Dkt. No. 3, is DENIED as moot. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: November 13, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge